SIMS, Valerie C.

v.

FLANAGAN, John G.

v.

HEFFENTRAYER, Kimberly.

Appeal of. Allen L. FEINGOLD, Esquire.

Nos. 84–1306, 84–1367.

United States Court of Appeals, Third Circuit.

Argued Jan. 14, 1985.
Decided Feb. 27, 1985.

James L. Womer (Argued), Allen L. Feingold, Philadelphia, Pa., for appellant.

Harold F. Kaufman (Argued), Philadelphia, Pa., for appellee.

Before HUNTER and HIGGINBOTHAM, Circuit Judges, and DEBEVOISE, District Judge.*

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

In this case we are confronted with a dispute between a lawyer. Allen L. Feingold Esquire ("Feingold") and his former client, Valerie C. Sims. ("Sims") concerning the compensation for the legal services rendered by Feingold prior to the termination of his legal representation.

Appellant Feingold's instant request for attorneys' fees arose from his legal representation of appellee Sims in a personal injury suit filed in the United States District Court for the Eastern District of Pennsylvania. Sims terminated Feingold's representation by a letter received by Feingold on September 21, 1981. Subsequently, Harold E. Kaufman, Esquire ("Kaufman") was retained to represent Sims.

On a motion by Sims, the district court ordered Feingold to turn over Sims' litigation file to Kaufman on July 23, 1982. Feingold appealed that order to this court asserting an attorney's lien in the file for the value of his services. Because of a stipulation entered into between Feingold and Kaufman, which provided that the district court should determine Feingold's fees after disposition of the litigation, this court dismissed the appeal in a judgment order dated February 24, 1982. *Sims v. Flannagan*, 707 F.2d 1404 (3d Cir.1983).

On July 21, 1983, one year after entry of the district court's order, Feingold finally surrendered the Sims file and Kaufman successfully negotiated a settlement in the personal injury case. On March 16, 1984 the district court entered an order awarding Feingold $850.00 in attorneys' fees and $134.48 in expenses. This order was amended on March 22, 1984, changing the figure for expenses to $193.48.

Feingold claimed that he had spent "141 hours and 50 minutes of work" on Sims' behalf and sought compensation at the rate of $100.00 per hour—$14,185.00 plus costs in the amount of $286.88. After a review of his petition for counsel fees and costs, the district court held that Feingold was entitled to compensation for a total of 17 hours at a rate of $50.00 per hour plus costs—a total award of $1,043.48.

After having stipulated that the district court would determine the amount of attorneys' fees, Feingold now seeks review of the district court's determination.

We affirm the judgments of the district court.

### I.

Feingold argues first that the district court abused its discretion in the award of attorneys' fees because it failed to grant an evidentiary hearing to determine the lodestar figure. Second, Feingold asserts that the district court improperly failed to disclose the terms of the settlement in the underlying personal injury action. Finally, Feingold claims that the district court erred in releasing a portion of the settlement

---

* Honorable Dickinson R. Debevoise, United States District Court for the District of New Jersey, sitting by designation.

fund prior to the resolution of his attorneys' fee claim.

The fundamental flaw in Feingold's claim is that he seems oblivious to the admonition recently given by Henry G. Miller, Esquire, President of The New York Bar Association. As Mr. Miller observed:

> [I]f a legal system is intended to resolve disputes, it does not exist for those who counsel and preside. It exists for those who feud. It exists for the people, and we, the lawyers and judges, are here to serve them.[1]

■ We find no merit in Feingold's complaint as to the district court's "failure to convene an evidentiary hearing" because Feingold did not request an evidentiary hearing until after the district court had awarded counsel fees. The exchange of correspondence between Feingold and Sims on September 18, 1981 and September 21, 1981 reveals that at least by September 21, 1981, Feingold had agreed, though reluctantly, to Sims' termination of his services. Appendix ("A.") at 69–70. At that time Feingold would not release Sims' litigation file until she compensated him for past services. A. at 70. Thus, any legal work performed by Feingold subsequent to September 21, 1981 was not done to aid Sims, but was performed solely to protect Feingold's claim for services.

■ We find equally without merit Feingold's contention that he was not advised of the amount of settlement which his successor obtained. The award would be relevant only if the original settlement had been premised on Feingold's fee being a percentage of the lump sum settlement. However, when faced with the uncertainties of litigation, Feingold negotiated his fee determination as follows:

### Stipulation

And now this 15th day of February, 1983, it is stipulated between Harold F. Kaufman, Esq. and James L. Womer, attorney for Allen L. Feingold, Esq. that fees and costs due Mr. Feingold for his representation of Valerie C. Sims concerning the accident of September 19, 1979, shall be determined by the district court at such time that the within matter is settled or tried and a fund created and prior to distribution.

A. at 108.

At oral argument, Feingold alleged that he was entitled to recovery in *quantum meruit* and that the contingent nature of the settlement exposed Sims to unjust enrichment. The above stipulation, however, does not indicate that Feingold sought fees in *quantum meruit* nor does it indicate that Feingold's fees were to be contingent on the amount of settlement. Moreover, the stipulation expressly stated that Feingold's fees were to be determined by the district court. There was therefore no need for the district court to disclose the amount of settlement.

Finally, we disagree with Feingold's argument that the settlement funds were prematurely released. We believe that the district court held out sufficient funds to compensate Feingold should he succeed on his claims.

After Feingold had signed the stipulation and after the case was settled, the district judge painstakingly reviewed the record and the petition and concluded that all but 17 hours of work "must be disallowed." We find no error in the district court's finding. The district court properly determined the lodestar figure under *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973) and did not abuse its discretion in the award of fees.

Accordingly, we will affirm the judgments of the district court.

---

1. New York Times, Jan. 26, 1985, "The Lawyer is No. 2, Not No. 1," at 17, col. 1.